**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **CORNY ETHERIDGE** | § | |
| | § | |
| VS. | § | **C.A. NO. 6:16-cv-00084** |
| | § | **Rule 9(h) Admiralty** |
| **AMERICAN COMMERCIAL** | § | |
| **BARGE LINES, LLC D/B/A ACL** | § | |
| **LINES, INC.** | § | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** CORNY ETHERIDGE (hereinafter referred to as "Plaintiff"), filing this, his Response to Defendants', POINT COMFORT TOWING, INC. ("PCT") AND POINT COMFORT MARINE, INC.'S ("PCM") (hereinafter referred to jointly as "Defendants"), Motion for Summary Judgment, and would respectfully show this Honorable Court as follows:

### I. SUMMARY OF ARGUMENT

Defendants' motion for summary judgment should be denied because both defendants are proper parties in this suit. Defendants were timely named in the lawsuit; however, Plaintiff dismissed Defendants based on Defendants' counsel's representation that Defendants did not own the tug responsible for towing the barge where Plaintiff fell. Defendants misidentified the tug involved and presented

documentation that the misidentified tug had been sold prior to Plaintiff's fall. Plaintiff did not identify the proper tug owned by Defendants until after the statute of limitations had run.

Plaintiff's claims against Defendants relate back to his amended complaints that were filed prior to the statute of limitations. The claims arose out of the same occurrence set out in the initial pleading. The initial claims against the Defendants were filed and served before the statute of limitations had run, Defendants received notice of the action prior to the statute of limitation and are not prejudiced in defending this case on the merits. Defendants knew or should have known that the action would have been brought against them, but for a mistake concerning the tug and tug owner's identity.

## II.   FACTS

Plaintiff would show that this lawsuit has become necessary as a result of personal injuries sustained on or about December 10, 2014 in the course and scope of his employment with Alcoa. Defendants PCT and PCM owned the Tug M/V Sam and Tug Shetland. Originally, Plaintiff believed the Tug Shetland was the tug which towed the barge where Plaintiff fell. However, it was determined that it was actually Tug M/V Sam that towed the barge. Defendants sold the Tug Shetland to Defendant M&M prior to Plaintiff's fall.

Plaintiff fell due to metal cables negligently left by the Defendants', PCT,

PCM and/or American Commercial Barge Lines, Inc., their agents and/or employees, on the barge owned by Defendant American Commercial Barge Lines, Inc. Plaintiff sustained a serious knee injury requiring a total knee replacement.

Defendant, PCT, was originally sued on October 18, 2017. **Please see Plaintiff's Second Amended Complaint Attached as Exhibit "A".**

On April 4, 2018, Defendant, PCT, was dismissed from the case based on information provided by Defendants' PCT and PCM that the Tug Shetland was the tug responsible for towing the barge. **Please see email communication dated November 30, 2017 attached as Exhibit "B".** Initially, Defendants represented that the Tug Shetland was used to tow the barge; however, it was discovered around May 31, 2018, that the Tug M/V Sam towed the barge to the Alcoa docks. **Please see Defendant, PCM, invoice dated December 31, 2014 attached as Exhibit "C".** Plaintiff has a reasonable belief that Defendants, PCT's and PCM's employees unlashed the barge owned by Defendant American Commercial Barge Lines, Inc. and tugged it to dock where Plaintiff began loading smelter-grade aluminum onto the barge ACBL#3268 owned by Defendant American Commercial Barge Lines, Inc.

On July 6, 2018, Plaintiff filed Plaintiff's Fourth Amended Complaint re-urging his original claims against Defendants PCT and PCM. **Please see Plaintiff's Fourth Amended Complaint attached as Exhibit "D".**

### III.  STANDARD OF REVIEW

Summary Judgment is not proper if the nonmovant shows that there are genuine issues of material fact and that the movant is not entitled as a matter of law. FRCP 56(a); *see Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). To show that the asserted facts are genuinely disputed, the nonmovant must show that (1) materials cited by the movant do not establish the absence of a genuine dispute or (2) the movant cannot produce admissible evidence to support the material fact. FRCP 56(c)(1)(B). The court must examine the record as a whole and make reasonable inferences about the facts in favor of the nonmovant. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 456 (5th Cir. 2005). A genuine dispute is one that can be determined only by a trier of fact because it may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A material fact is one that can affect the outcome of the suit under the governing substantive law. *Id.* at 248

### IV.  ARGUMENT AND AUTHORITY

**A. Defendants, PCT and PCM, were sued before the statute of limitations.**

Defendants, PCT and PCM are proper defendants in this case. The court may relieve a party from a final judgment, order, or proceeding for mistake, inadvertence, surprise or excusable neglect, newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial, and/or

fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. Pro. 60(b)(1-3).

Plaintiff should have relief from the order of dismissal on that basis. Defendants, PCT and PCM, kept records showing that the M/V Sam delivered the ASBL 3628 to Alcoa's dock on the date of the incident, December 10, 2014. Defendants, PCT and PCM, knew or should have known the identity of the tug that delivered the barge named in the complaint. Defendants never made Plaintiff aware of the proper name of the tug even though Defendants knew which tug had towed the barge on December 10, 2014. Plaintiff was not made aware of this information until after the statute of limitations had run.

### B. Plaintiff's claims against Defendants, PCT AND PCM, relate back to Plaintiffs Second and Third Complaints

Plaintiff's claims were filed within the 3-year maritime statute of limitations. Plaintiff's Second and then Third Amended Complaint arise out of delivery of barge ACBL 3628 to Alcoa's dock. PCM owned the M/V Sam. Federal Rule of Civil Procedure 15(c)(1) states that an amendment to a pleading relates back when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

**(C)** **the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15 (c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:**

    **(i)** **received such notice of the action that it will not be prejudiced in defending on the merits; and**

    **(ii)** **knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.**

Here, the amendment relates back to the same occurrence, deliver of barge ACBL to Alcoa's dock. That barge is named in the complaint. Defendant, PCT and PCM had an arrangement with Alcoa to deliver barges to Alcoa's dock, and, as referenced above, Defendant, PCM and PCT, have records showing that barge was delivered to Alcoa's dock on the date of the incident. Defendants, PCM and/or PCT, later picked up the same barge using M/V Sam. **Please see Defendant, PCM, invoice dated December 31, 2014 attached as Exhibit "C".**

Plaintiff's second and third amended complaints were served within the 3-year maritime statute of limitations. Defendant PCT filed an answer on December 7, 2017. **Please see PCT's Original Answer attached as Exhibit "E".**

Further, Defendants, PCT and PCM, are essentially the same entity. Defendants, PCT and PCM had the same registered agent for service of citation (CT Corporation, 1999 Bryan St., Ste. 900, Dallas TX 75201-3136). **Please see attached registered agent change of address filing for PCT attached as Exhibit "F" and**

**Please see attached registered agent change of address filing for PCM attached as Exhibit "G".** Defendant, PCM, has the same counsel who answered for Defendant, PCT, in December 2017. Defendants, PCT and PCM, share an address (P.O. Box 509) and the same corporate officers—Messrs. Springer, Brauninger, and Gaudet. **Please Franchise Tax Reports attached as Exhibit "H".**

Defendants, PCT and PCM, received notice of the action prior to the statute of limitations and will not be prejudiced because it was on notice by service of the lawsuit on Defendant, PCT's and PCM's registered agent.

Lastly, Defendant, PCM, knew or should have known that it would have been sued because it in fact delivered the barge in conjunction with its sister company Defendant, PCT.

In summary, Plaintiff is entitled to relief from the Court's dismissal of Defendant, PCT, under FRCP 60(b)(1)-(3) due to mistaken information concerning the identity of the tug at issue that Defendant, PCT, had at least constructive notice of because it made the list showing delivery of the barge at issue. Plaintiff is entitled to relate its claims against Defendant, PCM, back to its second and third complaints pursuant to FRCP 15(c)(1)(C) as set forth above.

## V.  CONCLUSION

Defendant's Motion for Summary Judgment should be denied. Defendants are proper parties to the suit and were brought in timely, before the statute of limitations. Plaintiff, based on representations made by Defendants, PCT and PCM, mistakenly dismissed claims against the Defendants. Plaintiff's recent claims relate back to Plaintiff's complaints that were filed before the statute of limitations. Plaintiff has shown that the recent claims against Defendants, PCT and PCM, will not cause prejudice. Defendants, PCT and PCM, knew or should have known that the action would have been brought against them after being included as Defendants prior to the running of the statute of limitations.

## VI.  PRAYER

**WHEREFORE**, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court denies Defendants' Motion for Summary Judgment and grant the Plaintiff any further relief, at law or in equity, to which she may be justly entitled.

    **Respectfully submitted,**

    **BY:  /s/ George K. Farah**
    **GEORGE K. FARAH**
    **Attorney in Charge**
    **State Bar No.  24040882**
    **Federal ID No. 38353**
    **GUERRA & FARAH, PLLC**
    **4101 Washington Ave., 3rd Floor**
    **Houston, Texas 77007**
    **T:  (713) 529-6606**

F:  (713) 529-6605
E: gkf@gflawoffices.com
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

 This is to certify that a true and correct copy of the foregoing instrument has been delivered via electronic notice to the following counsel of record on this the 15th day of October, 2018.

         /s/George K. Farah
         George K. Farah

4831-2316-7280, v.  1